JUSTICE COTTER
dissents.
¶38 The City of Billings operates under a self-government charter. This being so, the City may exercise any power or provide any service except those that are specifically prohibited by the Constitution, state law, or the charter itself. Section 7-1-102, MCA; D & F Sanitation v. City of Billings, 219 Mont. 437, 435, 713 P.2d 977 (1986). Moreover, as the Court points out at ¶ 15, Section 7-1-106, MCA, provides in part that “every reasonable doubt” as to the existence of a local government power or authority should be resolved in favor of its existence. Thus, *420 the utilities must demonstrate beyond a reasonable doubt that there is an express, and not implied, constitutional, statutory, or charter prohibition against the power which the City seeks to exercise. The utilities have not pointed to either a constitutional or a charter prohibition against the challenged fee. Therefore, they must demonstrate beyond a reasonable doubt that a state statute prohibits the imposition of the challenged fee. I would conclude that the utilities have failed to carry this burden.
¶39 The City has established that there is a contractual relationship between it and the utilities that benefits both parties. The utilities do not dispute the right of the City to enter into the franchise agreement with them nor do they argue that the City is prohibited from charging franchise fees. Finally, there is no express statutory limitation on the right of municipalities to generate income from contractual agreements involving the public right of way. All this being so, this is simply a fee that has been imposed pursuant to the City’s contractual grant of a special right. I would evaluate the fee in the context of the City’s right to enter contracts, which is a right without statutory limitation, and not in the context of the “tax on the sale of goods and services,” as the Court has done here. The mere fact that the fee is called a “franchise fee” does not convert this otherwise valid exercise of the power to enter into a contract for a valuable property right, into a prohibited regulatory scheme. In short, I think we have over-analyzed the question.
¶40 I would conclude that the utilities have failed to carry the heavy burden of establishing beyond a reasonable doubt that this franchise fee, for which valuable consideration has been received by the utilities, is the same as “a tax on income or the sale of goods and services” such as is prohibited in § 7-1-112, MCA. I would therefore reverse the District Court’s conclusion that the franchise fee constitutes an illegal tax. I dissent from our refusal to do so.